Good morning. Good morning. Please record. I'm Jennifer Garcia from the Federal Public Defender's Office from the District of Arizona. Our office was appointed by this court to represent David Leon Stokes in the appeal from the denial of his pro per habeas petition by the Arizona District Court. In this case, Mr. Stokes was charged in 1999 with attempted kidnapping and attempted armed robbery. The state amended the indictment to allege dangerousness on both counts. This allegation was argued to the jury, submitted to the jury, and found beyond a reasonable doubt. Following Mr. Stokes' conviction of dangerous attempted armed robbery and dangerous attempted kidnapping, the trial court, on the state's recommendation, decided to disregard the jury's finding of dangerousness in order to sentence Mr. Stokes as a non-dangerous repetitive offender under the statute, thereby allowing Mr. Stokes to receive an additional super aggravated term. It is our position that this decision to disregard the jury's verdict violated Mr. Stokes' Sixth Amendment rights. Okay, counsel, this is a habeas case. Yes, Your Honor. And in a habeas case, we cannot overturn the state court decision unless it was contrary to or an unreasonable application of Supreme Court law. Yes, Your Honor. So what Supreme Court decision sets the standard for us to review this issue regarding disregarding a jury's verdict? Your Honor, Apprendi, which came out while Mr. Stokes' conviction was still pending on direct appeal. Apprendi stresses that it's the jury's verdict standing alone that is what the sentence must be based on. And in this case, on the jury's verdict standing alone, Mr. Stokes was convicted of dangerous attempted armed robbery and dangerous attempted kidnapping. And based on that... But he was also convicted of attempted kidnapping and attempted robbery. And he had a prior conviction, which is an exception from Apprendi. Yes, Your Honor. And why couldn't a judge say, do exactly what he did, take the option of the repeat offender rather than the specific finding of the jury? Is there some case, some Supreme Court case that says that where there is a special finding by a jury, other facts which the defendant has admitted and are admissible under Apprendi cannot be taken as a basis for sentencing? Your Honor, I believe that Apprendi still covers this because the statute... But Apprendi didn't involve a repeat offender being sentenced because of prior convictions, right? Correct. That is correct. But Apprendi doesn't cover this. Is there some case that does cover this? I think the rule in Apprendi that a jury must make the findings necessary to impose the sentence applies here. The statute, Arizona statute... When there is a mission or a prior conviction. Accept that. Correct. But based on the jury's verdict of dangerousness, the dangerousness allegation in this case is similar to, as explained in Apprendi and I think clarified later in Ring, that adding this additional sentencing enhancement of dangerousness changed the nature of the offense. It became actually an element of a greater offense. So as I said earlier, it became crimes of dangerous attempted kidnapping and dangerous armed robbery. And based on that, the Arizona State statute specifically excludes dangerous crimes from being sentenced pursuant to the repetitive offender subsection of the statute. It's specifically excluded by the plain language of the statute. And no construction by the Arizona trial courts can change the fact that that's what the statute says. And being able to simply disregard a finding that was properly alleged, properly argued and found... If that's so, the dangerous crimes cannot be the basis for sentencing by, because of prior convictions. The prior convictions were not dangerous. Exactly. And I think that that's, Your Honor, what makes this be a very narrow issue, was that in this case, Mr. Stokes did have prior convictions, but they were for non-dangerous offenses. The Arizona statute does have subsections that provide to, that handle multiple offenses when they were previous dangerous convictions. So this is essentially a gap in the statute that, if it was going to be addressed, should be addressed by the legislature and not by a judicial construction that violates Mr. Stokes' Sixth Amendment rights. This was a jury finding in his favor that should stand. Well, actually, a jury finding, but it was against his favor. Well, sentencing-wise, it ended up in his favor, Your Honor. Why should we go with the Arizona judge's interpretation of Arizona statutes? Well, I think generally, of course, we would honor that. But in this case, it violates the Sixth Amendment rights, which is an issue that is cognizable on habeas. I think to analogize, let me compare this to a capital offense in Arizona. If a defendant was charged with first-degree murder and an aggravating circumstance was alleged to the jury, and the jury made a finding of first-degree, convicted him of first-degree murder, and found the existence of the aggravating factor beyond a reasonable doubt, a sentencing judge then would not be able to just decide in the absence of mitigation that the defendant would be sentenced to a life sentence. The Arizona law would require that upon the finding of that additional factor that he be sentenced to death. Now, if a judge would not be able to do that in the defendant's favor, getting a life sentence instead of a death sentence, he shouldn't be allowed to do that to the defendant's detriment by disregarding a jury finding to sentence him to a super aggravated term. Counsel, let me ask you this. Could you address the aggravating factors that were used to enhance the sentence? I did, Your Honor, in the opening brief. Certainly, we would submit that those factors clearly consisted of Blakely error. However, the prevailing standard we're operating under right now is that Blakely is not retroactive. So we do say that essentially we believe that there are three layers of error that occurred here. There was the Blakely error in the judge's aggravating factors. There was the Sixth Amendment Apprendi error that occurred in the disregard of the dangerousness finding. And there was further Almendrez-Torres error that occurred in the finding of prior convictions. However, we are aware that the prevailing standard at this time is that the only error that relief is available for would be the Sixth Amendment slash Apprendi error. So just so I understand your argument, you don't think the Apprendi, that Apprendi applies to the aggravation of? I would argue, yes, Your Honor, that it does. But I think Blakely specifically applied to the finding of additional facts for the aggravation. Okay. But I would still certainly argue that, especially the first aggravating factor, that the pain and suffering of the victim was Apprendi error, that the judge should not have found that factor. And that actually made a huge difference in his sentence, because the judge would have been unable to super-aggravate pursuant to 13-702-01 without the finding of a third aggravator. Why would you think that Apprendi would not necessarily apply to the application of those aggravators? No, Your Honor, I would argue that it does. I think that the only reason I would feel constrained would be because Blakely specifically deals with aggravating circumstances similar to this issue, and because the court, the analysis under that the courts have found is that Blakely is a new rule, that the result was not necessarily dictated by Apprendi. Okay. If it's all right, I would like to reserve my remaining time for rebuttal. All right. Thank you, counsel. Thank you. May it please the Court. My name is Carrie McConaghy-Harris, Assistant Attorney General for the State of Arizona Respondents. As this Court has already noted, there is no question here concerning the State trial court's authority under State sentencing law to sentence Petitioner as it did. The question here is resolved by asking, does the Sixth Amendment, as discussed in Apprendi, foreclose the sentencing court from exercising its discretion to disregard an aggravating factor found in compliance with the Constitution in return for utilizing another aggravating factor as also found in compliance with the Constitution in order to sentence the Petitioner to a higher sentencing range? And the answer is quite simply no. Apprendi does not speak to this issue and is not concerned with this issue. Apprendi specifically held that other than the fact of a prior conviction, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury. The court in Apprendi. Would that finding apply to the aggravating circumstances that were used by the court in this case to increase the sentence? It would apply. I'm sorry, you're asking, it would apply. The prior convictions are under the exception. No, the aggravating circumstances. I think the injury to the victim, let's see, and then the two others that were concerning the prior. In other words, the extra five years. Yes. This Court, as I believe someone had already noted, this is not what is properly before this Court to review. This is a habeas case. It's on collateral review. The only issue discussed in the district court was the specific issue that the COA was granted on concerning the Sixth Amendment and Apprendi. It does not concern the actual trial court's findings. And to the extent there is some question under the more recent cases of Blakely or that type of thing, it simply cannot be reviewed by this Court. That's not true, because we can expand the COA if we think that the issue is properly one that we should consider and that a constitutional claim is apparent, then we can expand the COA. So if we were to take that view, that there is a constitutional question, what would be your response? Well, the other issue is that it's also the law as established at the time that the conviction was final. And here the conviction was final in June of 2001. I'm sorry. So those further extensions of Apprendi that are more recent still don't apply. But even if they did, it wouldn't make any difference in this case. There is nothing in any of the Supreme Court precedent that suggests that what the trial court did here was inappropriate, because it used the prior convictions, which are an explicit exception. The nature of those, those are discussed in Almendarez-Torres as well as Euler v.  Almendarez-Torres. The trial court, to the extent there could be some question of whether going into the nature of the offenses in the future may be a further extension of the Blakely and Apprendi line of cases, that isn't something that was clearly established Supreme Court precedent at the time of this conviction. Well, let me just see if I understand your argument, counsel. The judge enhanced the sentence finding three aggravating circumstances, physical and emotional harm to the victim, the prior conviction within ten years, and similar offenses. Okay. If this were, if the law, if Apprendi were in effect at the time that these aggravators were applied, would there be an Apprendi violation? Well, Apprendi was in effect at the time. The further Supreme Court cases, Blakely and such were not. But Apprendi was at the time. Okay. So if Apprendi is in effect at the time these findings were made, are you saying that this, these findings don't fall within the holding of Apprendi? No, they do not. They do not? Two, in Arizona, in Arizona, while one may be questionable with the Blakely analysis and that type of thing, as far as the emotional or that first aggravating, the other two are specifically about the prior convictions. And Almendarez-Torres specifically puts to rest the question of the prior convictions. And secondly, that there was emotional damage to the victim, that's a finding of fact, isn't it? The jury never made those findings of fact. Those are findings of fact based on the prior convictions, however. And that is specifically what was dealt with in Almendarez-Torres. There, the court had to find a validity of that.   the applied to this case. That's a finding of fact by the trial judge, isn't it? There is nothing that suggests that that's an inappropriate finding of fact at the time. Except for Apprendi. Apprendi specifically accepts any findings of fact concerning the prior convictions. And that's based on Almendarez-Torres. Apprendi says other than the fact of a prior conviction. That's it. Other than the fact of a prior conviction. Not the facts of a prior conviction. That's a totally different scenario. Well, that, taken in context of other cases that specifically hold that sentencing is a matter of state law, rather than a constitutional concern, except where there's other facts that extend the range, has to be seen as supporting what the trial court did here, rather than it has to be clearly established, Supreme Court precedent. And while Apprendi may, the way this Court has cast it, put it in a little doubt, again, Almendarez-Torres, specifically there, the court found additional facts that weren't specifically just the priors. Additional facts. It was additional facts there. The court also had to find that it was the immigration he had reentered or had been deported and then reentered. They were facts that weren't all found by the jury. But they were implied. I mean, they were parts of the statute. In order to be convicted of that particular crime, those facts had to be found by the jury in order for him to be convicted of that crime. That's not true here. There were elements. There were elements of the crime. Emotional pain to a victim is not an element of the prior crimes. No. And the State is not arguing that the emotional part of it would be acceptable under more recent law. Under Arizona law and under the law, even with Blakely and the more recent cases, in Arizona specifically, there's State v. Martinez, which dealt with this. Two aggravating factors are what they needed. Ginsburg. But whatever case you have that says that a trial judge can draw inferences from the fact that there have been prior convictions, which is what he did here, because you have been convicted of all these things, therefore, this is aggravated, is that something a jury should have to find? No. I'm not sure what you're asking. Here, it was the facts, the specific. There were he didn't make any specific findings concerning the facts as far as, for example, something new that wasn't in the prior convictions themselves. It was looking at the prior conviction and saying, look, this is exactly like what you did here. That's an aggravator. This was within. The jury does not have to find the prior conviction. No. What case do you have, what case authority are you relying upon to support your position that a jury does not have to find that the cases are similar in order to use those as aggravators? I rely specifically on Almendarez-Torres and then Estelle v. McGuire, which asserts that State sentencing law is not a matter for habeas review. This was under the trial court's discretion, under State sentencing law. Apprendi does not suggest that it was or it doesn't hold that that was something that couldn't be done. And under habeas review, this Court is limited to a finding of whether it was clearly established, Supreme Court precedent at the time, and it was not. Under all the cases taken together, specifically Euler v. Bowles and Almendarez-Torres, the Court had authority to do this. It wasn't exactly just the prior. It was things about the prior. Even the finding of physical and emotional harm to the victim. That's the one that's most problematic for you. Now, under what authority are you saying that was a permissible finding by the If we just take that one alone. Well, then that one can be completely disregarded. Under the Arizona sentencing statutes at the time, he only needed two aggravators to sentence to the exceptionally aggravated range. The two that you would look at would be the two that had to do with the prior convictions. If you completely just dropped that third one, that could cause a problem. And, again, that's not even at issue here. The COA was not granted on that. It was never discussed below whether that was an appropriate finding or not concerning that third aggravating factor. But, again, it's not even necessary under Arizona State law. But you're giving up on emotional and physical damage and you say that it doesn't make any difference because there are two. He said three aggravating factors. If there's two still valid ones. Two are necessary. All right. Now, take a look at the third one. A third substantial aggravating factor, I find, the defendant's 1981 convictions for kidnapping and aggravated assault were as referenced as an exhibit of the State sentencing memorandum. Pay attention to this subjective conclusion of the sentencing judge. These offenses are strikingly similar to the instant offenses. That is a finding the jury did not make. The judge made. Correct? Yes, it is. Thank you. Concerning the prior conviction, which, again, our position is that Almendare is correct. The characterization that they were strikingly similar in order to aggravate was something the judge did, not the jury. Yes. But Apprendi does not hold that the trial court has foreclosed from making that characterization. It explicitly accepts prior convictions. It accepts the prior convictions, but not the characterization of them being similar in order to be aggravated. If they weren't similar, right, if they were counterfeiting convictions, they wouldn't all be similar. Then he couldn't make the conclusion that they were similar and therefore aggravate. It's only the similarity which allows the aggravating, as I understand. Maybe I'm wrong. Well, Apprendi doesn't specifically deal with that. And this Court is limited to that clearly. No, but it says that any such finding other than by a jury cannot aggravate beyond that point. With the exception of prior convictions. And when that's looked at in context of Almendare's Torres. We understand. Okay. Unless there's any other questions. Thank you. Thank you. Rick Bottle. Thank you, Your Honor. I think we would like to clarify our position regarding Apprendi. As we argued in the opening brief, we do believe that Apprendi does apply. As Apprendi held, the relevant inquiry is not one of form but of effect. Does the required finding expose the defendant to a greater punishment than that authorized by the jury's verdict? And absolutely we agree that not only does the pain and suffering to the victim, but also the third aggravating factor that the crimes were similar to Mr. Stokes' 1981 convictions. Both, in fact, did that. Especially when you compare the fact that the 1981 convictions were for different crimes. There was a kidnapping conviction and an attempted aggravated assault conviction, which are not the exact same crimes at issue here. And the facts of Mr. Stokes' 1981 convictions were very different from the facts of the crimes at issue here. So we certainly submit that Apprendi does compel the result that those findings were a Sixth Amendment violation. I think... So now, what about your Blakely concession? How does that fit with your argument now? I wouldn't necessarily characterize it as a concession. I was trying to be careful to not exceed the decisions that I am bound by as President of this Court. And I certainly have always argued in the brief that this was an Apprendi violation. And I think what Blakely does speak specifically to matters of aggravating factors in the State's sentencing system, that finding was certainly compelled by Apprendi. And Apprendi's rule that, other than the fact of a prior conviction, any factor that increases the sentence violates the Sixth Amendment. Okay. So you agree with opposing counsel, though, that Apprendi was part of the legal landscape when this sentence was made, right? Certainly. Yes. And that was not being applied retroactively. No. Certainly it was not. His conviction was not final, Your Honor. Okay. Is there no further questions? Thank you. All right. Thank you. Thank you. Thank you to both counsel. The case does argue being subpoenaed for a decision by the Court.
judges: D.W. Nelson, Rawlinson, Bea